## UNITED STATES, to Use of NOURSE, v. LIGHT.
### Civil Action No. 845.

District Court, M. D. Pennsylvania.

Feb. 8, 1943.

S. Edward Hannestad and William H. Neely, both of Harrisburg, Pa., for plaintiff.

Caldwell, Fox & Stoner, of Harrisburg, Pa., and Morris D. Schwartz, of Washington, D. C., for defendant.

WATSON, District Judge.

This is an action brought for the use of a subcontractor (hereinafter called the Plaintiff) against the general contractor and the surety on the bond executed by the general contractor as principal for the protection of persons supplying labor and material in the prosecution of the work provided for in the general co ʼ. In the complaint it is alleged that Plain-tiff has furnished certain labor and materials in accordance with a written contract and certain oral contracts entered into with the general contractor, and that there remains due and owing to the Plaintiff the sum of $2,991.13. The Defendants, in their original answer, denied that the Plaintiff had performed his contracts in accordance with their terms and disputed the Plaintiff's claim to the extent of $918.37. The answer, by way of a second defense, purported to state an account wherein the Defendants claimed a credit for liquidated damages to the extent of $2,000. The Plaintiff filed a motion for summary judgment pursuant to the provisions of Rule 56(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c. The Plaintiff seeks by its motion to have a judgment entered in his favor and against the Defendants on the Defendants claim of $2,000 for liquidated damages and for the amount of $2,000 of Plaintiff's claim which is not disputed. Thereafter, the Defendants filed a motion for leave to amend their answer to interpose a third defense to the Plaintiff's claim. In this defense it is alleged, inter alia, that "The Plaintiff failed to complete his work within the terms of the contract and so negligently delayed the performance of the contract that the Defendant because of the Plaintiff's violation of the terms of the contract, was damaged to the extent of Two Thousand Dollars ($2,000.00)." The motion for leave to amend the answer was allowed by order of Court. The Plaintiff contends that the defense, which the Defendants set forth in the amended answer, is insufficient as a matter of law, and is not properly alleged.

Plaintiff's motion for judgment is predicated on the proposition that the Defendants' claim for damages is one for liquidated damages and that, since the contracts between the Plaintiff and the Defendant, Light, do not contain any agreement for liquidated damages, the defense is without merit. In the original answer, the Defendants claim credit for an item of $2,000 which is noted as liquidated damages without, however, setting forth any statement of the acts of the Plaintiff which give rise to these damages. The amendment to the answer alleges the failure on the part of the Plaintiff to complete the contracts here involved according to the terms of the contracts and claims damages therefor, which are stated to be in the

amount of $2,000. If this claim is sufficient, the Plaintiff's motion for judgment must be denied.

The Plaintiff contends that the Defendants, in their amended answer, are still claiming liquidated damages, and the amended answer is subject to the same objection as the original answer. This contention fails because there is no rule requiring the claimant to specify items of general damage, and a claim is sufficient if it sets forth a claim for a lump sum. Furthermore, even though the amount claimed was computed through the use of an improper measure of damages, or included items not properly recoverable, the claim is not rendered invalid thereby. cf. Rule 54(c) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ There is nothing in the record now before the Court from which it can be determined that the Plaintiff has or has not committed a breach of its contracts with the Defendant, Light. Therefore, there is a genuine issue as to a material fact other than the amount of damages, and the motion for judgment must be denied. Rule 56(c), Federal Rules of Civil Procedure.

It is ordered that Plaintiff's motion for judgment on the pleadings be, and it is hereby, denied.